**UNITED STATES ex rel. CHIN SHUE HONG v. REIMER, Com'r of Immigration.**

**No. 281.**

Circuit Court of Appeals, Second Circuit.

April 15, 1940.

William J. Mahar, of New York City (Frederick E. Weinberg, of New York City, of counsel), for appellant.

John T. Cahill, U. S. Atty., of New York City (Noel Hemmendinger, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

This is an exclusion case and the only question is whether the immigrant was the son of a citizen. He was born in China and this was his first effort to enter; the relator, his putative father, was concededly a citizen. The result as usual turned upon the issue of paternity. The relator, the relator's brother and his father, as well as the immigrant himself, all swore that he was the relator's son begotten while the relator was in China and born there of a Chinese mother. This the Board refused to believe because of the inconsistency of the testimony with what the same witnesses —except the immigrant—had given before. The relator on three earlier occasions after the immigrant's birth had declared under oath how many children he had, and had each time given a number too small to include the immigrant. The relator's brother and father had each on one similar occasion done the same thing.

We cannot see why it should be thought arbitrary or unreasonable not to accept the word of witnesses so impeached. None of them made any effort to reconcile their two versions; the relator of course knew how many children he had, and so presumably did his brother and father. The

impeachment was not upon a collateral question, but upon the very issue itself. We should have come to the same conclusion as the Board in its place.

Order affirmed.